NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERESA DE JESUS REVELO-CABRERA,
AKA Marlene Arevalo-Revelo,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.  19-72845

Agency No. A094-306-743

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 13, 2022**
Pasadena, California

Before: RAWLINSON and WATFORD, Circuit Judges, and RAKOFF,*** District
Judge.

Teresa De Jesus Revelo-Cabrera, a native and citizen of El Salvador, petitions

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal from an immigration judge's decision denying her applications for withholding of removal and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings and we review questions of law de novo. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). For the reasons set out below, we deny the petition for review.

To qualify for withholding of removal, an applicant must show a "clear probability" of persecution in the country of removal on account of her race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b); *Navas v. INS*, 217 F.3d 646, 655 (9th Cir. 2000). An applicant must prove that a cognizable protected ground is "a reason" for past or feared future persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–60 (9th Cir. 2017).

Revelo-Cabrera argued that she was targeted and would be targeted based on her membership in the proposed social group of "business owner[s] targeted by gangs." Substantial evidence supports the BIA's determination that Revelo-Cabrera failed to establish that a protected ground was or would be "a reason" for the harm she experienced or fears in El Salvador. Revelo-Cabrera cannot establish the required nexus to a protected ground based solely on a "desire to be free from

harassment by criminals motivated by theft or random violence by gang members . . . ." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Furthermore, the BIA did not err in declining to consider the particular social groups that Revelo-Cabrera proposed for the first time before the BIA. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019). Revelo-Cabrera cannot, therefore, prevail on her withholding of removal claim.

To demonstrate eligibility for withholding of removal under CAT, a petitioner must prove that she is "more likely than not" to be subject to torture upon removal. 8 C.F.R. § 1208.16(c)(2). Substantial evidence also supports the BIA's denial of CAT relief because Revelo-Cabrera failed to show that it is more likely than not that she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**